# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | | |
|---|---|---|
| SEALY TECHNOLOGY LLC, a North Carolina limited liability company, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:10-cv-00702 |
| vs. | ) ) | **JURY TRIAL DEMANDED** |
| SIMMONS BEDDING COMPANY, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff Sealy Technology LLC ("Plaintiff Sealy Technology") states the following for its Complaint against Defendant Simmons Bedding Company ("Defendant"):

## NATURE OF ACTION

1.    This is an action at law and in equity for design patent infringement, trade dress infringement and false designations of origin, unfair and deceptive trade practices, and unfair competition.  Plaintiff Sealy Technology's claims against Defendant arise under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*;

the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"); N.C. Gen. Stat. §§ 75-1.1 *et seq.*; and the common law of North Carolina.

2. Defendant is manufacturing, causing to be manufactured, offering for sale, selling, and/or distributing—without Plaintiff Sealy Technology's authorization—mattresses that are copies of Plaintiff Sealy Technology's protected mattress designs and that therefore infringe upon certain of Plaintiff Sealy Technology's design patents and depict confusingly similar imitations of Plaintiff Sealy Technology's legally protected trade dress.

## THE PARTIES

3. Plaintiff Sealy Technology LLC is a limited liability company organized and existing under the laws of the State of North Carolina, having its principal place of business in Trinity, North Carolina. Plaintiff Sealy Technology is the current owner-of-record of United States Design Patent Numbers D622,088 and D622,996. Plaintiff Sealy Technology is also the current owner of the distinctive and valuable trade dress that is at issue in this action.

4. Upon information and belief, Defendant Simmons Bedding Company is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Atlanta, Georgia. Defendant may be served with process in the State of North Carolina through its registered agent CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, NC, 27601.

5.     This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to Lanham Act § 39, 15 U.S.C. § 1121.  As to the claims under state law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over the Defendant because the Defendant does business in North Carolina, and/or has otherwise established contacts with North Carolina making the exercise of personal jurisdiction proper. Upon further information and belief, Defendant maintains significant places of business in North Carolina, including conducting substantial business within the State of North Carolina and within this District, regularly soliciting business within the State of North Carolina and this District, and deriving substantial revenue from products provided to customers, distributors, and/or vendors residing in the State of North Carolina and in this District.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and (2) and 1400 because Defendant is subject to personal jurisdiction in this District, and conducts substantial business and has substantial contacts within the State of North Carolina and within this District.

## BACKGROUND FACTS

**A.**    **Sealy's Design Patents and Trade Dress**

8.    Plaintiff Sealy Technology, along with its parent corporation and/or its affiliates (collectively "Sealy"), are the world's largest manufacturer of bedding and sell a broad range of mattresses and foundations under the SEALY®, SEALY POSTUREPEDIC®, and STEARNS & FOSTER® brands, among others.

9.    Since the mid-1800s, Sealy's STEARNS & FOSTER® brand has been known for producing premium mattresses of distinctive appearance and exceptionally high quality.  Sealy's mattress offerings have included a highly successful line of STEARNS & FOSTER® mattresses comprised of the Traditional, SILVER DREAM®, and GOLDEN ELEGANCE™ Models (collectively, the "Stearns & Foster Mattress Line").  Photographs of exemplary mattresses of the Stearns & Foster Mattress Line are attached hereto as **Exhibit A**.

10.    Sealy has devoted, and continues to devote, substantial time, effort, and resources to the development and design of its products, including the Stearns & Foster Mattress Line.

11.    In the years leading up to 2009, Sealy began, and completed, the process of re-designing and re-inventing its premium STEARNS & FOSTER® brand.  This process included the development and design of a distinctive new appearance for the Stearns & Foster Mattress Line, and the filing of United States design patent applications

4

and trademark applications related to the Stearns & Foster Mattress Line. During the course of this process, Sealy invested over $1,000,000 in the design and development of a unique look for the Stearns & Foster Mattress Line that customers would associate exclusively with the STEARNS & FOSTER® brand.

12.    Sealy owns numerous patents relating to mattresses and methods of making mattresses, including design patents. Of particular relevance to this action, Plaintiff Sealy Technology is the owner of United States Design Patent No. D622,088 S, entitled "Mattress Design" ("the '088 Patent"). A true and accurate copy of the '088 Patent is attached hereto as **Exhibit B.**

13.    Plaintiff Sealy Technology is also the owner of United States Design Patent No. D622,996 S, entitled "Pillow-top Mattress Design" ("the '996 Patent"). A true and accurate copy of the '996 Patent is attached hereto as **Exhibit C.**

14.    As part of this 2009 development of the Stearns & Foster Mattress Line, Sealy adopted and began to use in commerce the distinctive "Stearns & Foster Trade Dress." The Stearns & Foster Trade Dress consists of a combination of contrasting edging and straps as applied to mattress products. Specifically, the Stearns & Foster Trade Dress incorporates contrast edging running horizontally along the bottom edge of the mattress; a second line of contrast edging running horizontally along a top edge of the mattress; and, in applicable instances, a third line of contrast edging running horizontally along the top edge of a mattress

5

pillowtop. This contrasting edging is also combined with contrasting edging along each side of the handles or straps running vertically between the top edge of the mattress and the bottom edge of the mattress. A drawing showing the elements of the Stearns and Foster Trade Dress, as applied to a mattress with a pillowtop, is attached hereto as **Exhibit D**.

15.     Plaintiff Sealy Technology has filed an application to register one iteration of the Stearns & Foster Trade Dress on the Principal Register of the United States Patent and Trademark Office.

16.     The Stearns & Foster Trade Dress is distinctive, inherently and/or by having acquired distinctiveness, and is not functional. The various contrasting edgings that make up the Stearns & Foster Trade Dress are arbitrarily placed on the mattresses in the Stearns & Foster Mattress Line and are not essential to the function or use of the mattresses. Rather, the various contrasting edgings serve to allow consumers to recognize easily the Stearns & Foster Mattress Line and to distinguish the source of the Stearns & Foster Mattress Line from the source of mattresses manufactured by others.

17.     Based on extensive advertising, promotion and sales, the Stearns & Foster Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers as a device that identifies and distinguishes Sealy, or a single

anonymous source, as the source of mattresses within the Stearns & Foster Mattress Line.

18.     Sealy has spent, and continues to spend, significant sums of money to market, advertise, and promote the Stearns & Foster Mattress Line bearing the Stearns & Foster Trade Dress.  Since April 2009, Sealy has spent more than $25,000,000 on the promotion, marketing and advertising of the Stearns & Foster Mattress Line bearing the Stearns & Foster Trade Dress.

19.     Sealy has had extraordinary commercial success, throughout the United States, in sales of the Stearns & Foster Mattress Line bearing the Stearns & Foster Trade Dress.  From April 2009 to the present date, Sealy's wholesale sales of mattresses in the Stearns & Foster Mattress Line and bearing the Stearns & Foster Trade Dress have exceeded $200,000,000.  Such sales of the Stearns & Foster Mattress Line bearing the Stearns & Foster Trade Dress have occurred throughout the United States since at least as early as April 2009.

20.     Sealy's extensive use and promotion of the distinctive Stearns & Foster Trade Dress has resulted in Sealy's acquisition of valuable, legally protected rights in the Stearns & Foster Trade Dress.

21.     The Stearns & Foster Mattress Line bearing the Stearns & Foster Trade Dress has come to be known by the purchasing public throughout the United States

as consisting of products of the highest quality. As such, the Stearns & Foster Trade Dress, together with the goodwill symbolized by it, is of incalculable value to Sealy.

22. The design features that comprise the Stearns & Foster Trade Dress are an important part of Sealy's marketing, promotion, and sales of the Stearns & Foster Mattress Line, because the Stearns & Foster Trade Dress serves to distinguish the Stearns & Foster Mattress Line from others, to convey to consumers the exceptional and consistent quality and value of the Stearns & Foster Mattress Line, and to identify and distinguish Sealy as the source of the Stearns & Foster Mattress Line.

23. The commercial success of the Stearns & Foster Mattress Line is also due, in large part, to the distinctive appearance of the Stearns & Foster Mattress Line as shown in the '088 Patent and/or the '996 Patent.

**B.** **Defendant's Unlawful Conduct**

24. Beginning after Sealy's use of the Stearns & Foster Trade Dress, and seeking to profit from the success of the Stearns & Foster Mattress Line bearing the Stearns & Foster Trade Dress and the designs covered by the '088 Patent and/or the '996 Patent, Defendant has produced, manufactured, caused to be manufactured, sold, offered for sale, and/or distributed – and continues to produce, manufacture, cause to be manufactured, sell, offer to sell, and/or distribute – mattresses with a "copycat" design that mimics the Stearns & Foster Trade Dress and that infringes and

8

continues to infringe the '088 Patent and the '996 Patent (the "Infringing Products"). Defendant's mattresses directly compete with Sealy's own mattresses. A true and accurate photograph of a sample of Defendant's Infringing Products, depicting Defendant's infringing mattresses and Defendant's unauthorized use of confusingly similar imitations of the Stearns & Foster Trade Dress to promote these Infringing Products, is attached hereto as **Exhibit E**.

25.    Without Plaintiff Sealy Technology's permission, and in order to promote certain of Defendant's competing and Infringing Products, Defendant has offered for sale and marketed the Infringing Products in Defendant's advertising or marketing materials.  A true and accurate copy of a press release advertisement that was issued on or about August 2, 2010 by Defendant relating to the launch of Defendant's "Beautyrest Black" collection (the "Beautyrest Black Collection") is attached as **Exhibit F**.  **Exhibit G** attached hereto is an enlarged image of the photograph included within the press release (Exhibit F) and as accessed via http://ww1.prweb.com/prfiles/2010/08/02/4340914/0_BeautyrestBlack2010.jpg. Upon information and belief, the mattresses shown and/or described in Exhibit E, Exhibit F, and Exhibit G are a part of the Beautyrest Black Collection.

26.    Defendant has misappropriated, copied, and used, and continues to misappropriate, copy, and use, the Stearns & Foster Trade Dress on the Infringing Products.

9

27.    Defendant's misappropriation, copying, and use of the Stearns & Foster Trade Dress on the Infringing Products is likely to cause confusion, mistake, and deception among purchasers and potential purchasers and to deceive the public into purchasing Defendant's Infringing Products and/or believing that Defendant's Infringing Product originate from, are associated with, are approved by, and/or are sponsored by Sealy when such is not the case.

28.    Upon information and belief, Defendant's misappropriation of, copying of, and use of colorable imitations of the Stearns & Foster Trade Dress has been done with Defendant's knowledge of Plaintiff Sealy Technology's rights therein; with an intent to trade upon and pirate away the substantial reputation and goodwill symbolized by the Stearns & Foster Trade Dress; and with an intent to cause confusion, mistake, or deception among purchasers, potential purchasers, the public, and/or the trade.

29.    Defendant's activities with respect to the Infringing Products have resulted in, are resulting in, and will continue to result in harm to Plaintiff Sealy Technology, including without limitation damage to Plaintiff Sealy Technology's reputation and goodwill symbolized by the Stearns & Foster Trade Dress, as well as monetary losses and damage.

30.    Upon information and belief, the foregoing activities of Defendant also demonstrate a clear and unmistakable intent on Defendant's part to infringe

Plaintiff Sealy Technology's patented mattress designs reflected in the Stearns & Foster Mattress Line.

## FIRST CLAIM FOR RELIEF
**(Infringement of the '088 Patent, 35 U.S.C. §§ 271 and 289)**

31.　The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

32.　On August 24, 2010, the United States Patent and Trademark Office duly and legally issued the '088 Patent, entitled "Mattress Design" and listing Leigh Morrison as the inventor (Exhibit B).

33.　All right, title, interest in and to the '088 Patent has been assigned to Plaintiff Sealy Technology.　Plaintiff Sealy Technology owns all right, title, and interest in and to the '088 Patent.

34.　Defendant has infringed and continues to infringe the '088 Patent through acts including, but not limited to, the manufacture, use, sale, importation, distribution, and/or offer for sale of at least substantially similar mattresses, including but not limited to certain mattresses of Defendant's Beautyrest Black Collection.　On information and belief, Defendant further has contributed to and contributes to and/or has induced and induces the infringement of the '088 Patent by its distributors, vendors, and/or customers, at least by selling and/or offering for

sale certain mattresses of Defendant's Beautyrest Black Collection and marketing such mattresses.

35.     Defendant's infringement of the '088 Patent has caused damage to Plaintiff Sealy Technology.   Under 35 U.S.C. §§ 284 and 289, Plaintiff Sealy Technology is entitled to recover damages in an amount to be proven at trial.

36.     Plaintiff Sealy Technology will continue to be irreparably harmed by the infringement by Defendant of the '088 Patent unless Defendant is permanently enjoined by the Court under 35 U.S.C. § 283.

37.     On information and belief, the infringement of the '088 Patent by Defendant has been willful and deliberate, and Plaintiff Sealy Technology is entitled to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '996 Patent, 35 U.S.C. §§ 271 and 289)

38.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

39.     On September 7, 2010, the United States Patent and Trademark Office duly and legally issued the '996 Patent, entitled "Pillow-top Mattress Design" and listing Leigh Morrison, John Shive, and Jeewon Jung as the inventors (Exhibit C).

12

40.     All right, title, interest in and to the '996 Patent has been assigned to Plaintiff Sealy Technology.  Plaintiff Sealy Technology owns all right, title, and interest in and to the '996 Patent.

41.     Defendant has infringed and continues to infringe the '996 Patent through acts including, but not limited to, the manufacture, use, sale, importation, distribution, and/or offer for sale of at least substantially similar mattresses, including but not limited to certain mattresses of Defendant's Beautyrest Black Collection.  On information and belief, Defendant further has contributed to and contributes to and/or has induced and induces the infringement of the '996 Patent by its distributors, vendors, and/or customers, at least by selling and/or offering for sale certain mattresses of Defendant's Beautyrest Black Collection and marketing such mattresses.

42.     Defendant's infringement of the '996 Patent has caused damage to Plaintiff Sealy Technology.  Under 35 U.S.C. §§ 284 and 289, Plaintiff Sealy Technology is entitled to recover damages in an amount to be proven at trial.

43.     Plaintiff Sealy Technology will continue to be irreparably harmed by the infringement by Defendant of the '996 Patent unless Defendant is permanently enjoined by the Court under 35 U.S.C. § 283.

44.     On information and belief, the infringement of the '996 Patent by Defendant has been willful and deliberate, and Plaintiff Sealy Technology is

entitled to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

### THIRD CLAIM FOR RELIEF
**(Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a))**

45. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

46. Defendant's unauthorized use in commerce, on Infringing Products, of confusingly similar imitations of the Stearns & Foster Trade Dress, as heretofore alleged, is likely to cause confusion, deception, and mistake by creating the false and misleading impression among the public and/or the trade that Defendant's Infringing Products are manufactured or distributed by Plaintiff Sealy Technology, or are affiliated, connected, or associated with Plaintiff Sealy Technology, or have the sponsorship, endorsement, or approval of Plaintiff Sealy Technology, when such is not the case.

47. Defendant's unauthorized use in commerce, on Infringing Products, of confusingly similar imitations of the Stearns & Foster Trade Dress constitutes a false designation of origin and infringement of the Stearns & Foster Trade Dress, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff Sealy Technology has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to their business, reputation and customer goodwill.  Such conduct has caused and, unless enjoined, will continue to cause Defendant to achieve sales and profits to which it is not entitled.

49.     Defendant's conduct is causing, and is likely to cause, substantial injury to the public, to the trade, and to Plaintiff Sealy Technology, and Plaintiff Sealy Technology is entitled to injunctive relief and to recover Plaintiff Sealy Technology's actual damages and an award of Defendant's profits, as well as costs and Plaintiff Sealy Technology's reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION
**(Deceptive Acts or Practices and Unfair Competition under North Carolina Law)**

50.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

51.     Defendant's unauthorized use in commerce, on Infringing Products, of confusingly similar imitations of the Stearns & Foster Trade Dress, as heretofore alleged, constitutes unfair methods of competition and unfair or deceptive acts or

practices in or affecting North Carolina commerce, in violation of N.C. Gen. Stat. § 75-1.1.

52.     Defendant's conduct as alleged herein has proximately caused damage to, and will continue to damage, Plaintiff Sealy Technology's goodwill and reputation with the public and/or the trade, and has resulted in an illicit gain or profit to Defendant.

53.     As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff Sealy Technology has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.  Moreover, Defendant's conduct will cause Plaintiff Sealy Technology to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

54.     Defendant's conduct is causing, and is likely to continue to cause, injury to the public, to the trade, and to Plaintiff Sealy Technology, and Plaintiff Sealy Technology is entitled to injunctive relief and treble damages under N.C. Gen. Stat. § 75-16.

55.     Defendant has willfully engaged in the aforementioned acts or practices, and thus Plaintiff Sealy Technology is entitled to its reasonable attorneys' fees under N.C. Gen. Stat. § 75-16.1.

## FIFTH CAUSE OF ACTION
### (Common Law Unfair Competition and Trade Dress Infringement)

56.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

57.     Defendant's conduct alleged herein constitutes common law unfair competition and infringement of the Stearns & Foster Trade Dress, and is causing, and unless enjoined by this Court will continue to cause, a likelihood of confusion and deception among members of the consuming public and/or the trade and, additionally, injury to Plaintiff Sealy Technology's goodwill and reputation as symbolized by the Stearns & Foster Trade Dress, for which Plaintiff Sealy Technology has no adequate remedy at law.

58.     As a result of Defendant's acts, Plaintiff Sealy Technology has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff Sealy Technology is entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs.  Plaintiff Sealy Technology is additionally entitled to punitive damages because Defendant's infringement of Plaintiff Sealy Technology's rights—including, but not limited to the continued unauthorized use, of confusingly similar imitations of the Stearns & Foster Trade Dress—has been willful, fraudulent, and malicious.

17

**WHEREFORE**, Plaintiff Sealy Technology prays the Court as follows:

1.     That judgment be entered that Defendant has infringed, either literally and/or under the doctrine of equivalents, and/or contributorily infringed, and/or induced others to infringe the claim of the '088 Patent;

2.     That judgment be entered that Defendant has infringed, either literally and/or under the doctrine of equivalents, and/or contributorily infringed, and/or induced others to infringe the claim of the '996 Patent;

3.     That the Court preliminarily and permanently restrain and enjoin Defendant, and its respective officers, directors, agents, servants, employees, attorneys and other persons in active concert or participation with them, from:

     a.     any and all further infringement of the '088 Patent;

     b.     any and all further infringement of the '996 Patent;

     c.     any and all further unauthorized use of any design confusingly similar to the Stearns & Foster Trade Dress, as trade dress or other attention-getting device or triggering mechanism for the sale of Defendant's products, including recalling all Infringing Products bearing the Stearns & Foster Trade Dress or any colorable imitation thereof, and removing all displays of and references to the Stearns & Foster Trade Dress or any colorable imitation thereof from any and all advertising and promotional materials of Defendant, including any website operated by Defendant, and the destruction of all advertising and

promotional materials, stationery, envelopes, business cards, invoices, and similar materials bearing any of the Stearns & Foster Trade Dress or colorable imitations thereof; and

   d.  any and all further unauthorized use of the Stearns & Foster Trade Dress or colorable imitation thereof.

   4.  That Plaintiff Sealy Technology recover from Defendant such actual damages as Plaintiff Sealy Technology may prove at trial, and that Defendant account to Plaintiff Sealy Technology for all sale of Infringing Products received as a direct and proximate result of Defendant's unlawful conduct, and all of Defendant's profits therefrom;

   5.  That Defendant be required to pay to Plaintiff Sealy Technology an amount to be proven at trial to compensate Plaintiff Sealy Technology for all damages, including but not limited to Plaintiff Sealy Technology's lost profits and/or a reasonable royalty and/or Defendant's total profits, sustained as a result of Defendant's infringement of the '088 Patent;

   6.  That Defendant be required to pay to Plaintiff Sealy Technology an amount to be proven at trial to compensate Plaintiff Sealy Technology for all damages, including but not limited to Plaintiff Sealy Technology's lost profits and/or a reasonable royalty and/or Defendant's total profits, sustained as a result of Defendant's infringement of the '996 Patent;

19

7. That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its products and services, and that the Court award treble damages for the period of such willful infringement of the '088 Patent pursuant to 35 U.S.C. § 284;

8. That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its products and services, and that the Court award treble damages for the period of such willful infringement of the '996 Patent pursuant to 35 U.S.C. § 284;

9. That such damages or profits to which Plaintiff Sealy Technology is entitled be trebled pursuant to 15 U.S.C. § 1117;

10. That Plaintiff Sealy Technology be awarded punitive damages;

11. That the costs of this action, including a reasonable attorney fee for Plaintiff Sealy Technology's attorneys, be taxed against Defendant;

12. That Plaintiff Sealy Technology be awarded pre- and post-judgment interest; and

13. That the Court grant Plaintiff Sealy Technology such other and further relief, both general and specific, as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff Sealy Technology respectfully demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all claims and issues so triable.

Respectfully submitted, this 13th day of September, 2010.

/s/ Steven D. Moore
Steven D. Moore
N.C. Bar No. 23367
J. Jason Link
N.C. Bar No. 25689
N. Dean Powell, Jr.
N.C. Bar No. 35511
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
(336)607-7300 (telephone)
(336)607-7500 (facsimile)